IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 20, 2008

**STATE OF TENNESSEE v. BOBBY JOE ROLLINS**

**Appeal from the Circuit Court for Marshall County
No. 17559     Robert Crigler, Judge**

_____

**No. M2008-00284-CCA-R3-CD - Filed December 31, 2008**

_____

Following a jury trial, the Defendant, Bobby Joe Rollins, was convicted of aggravated robbery.[1] For this Class D felony, he was sentenced to twenty-eight years in the Department of Correction as a Range III, persistent offender. In this appeal, the Defendant argues that the evidence presented at trial is insufficient to support his conviction and that his sentence is excessive. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed in accordance with Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Bobby Joe Rollins.

Robert E. Cooper, Jr., Attorney General and Reporter; Mary W. Francois, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

**Factual Background**

The evidence presented at trial established that on the morning of December 12, 2006, the Defendant entered the Discount Tobacco Outlet store in Lewisburg, Tennessee. After other customers in the store left, the Defendant approached the store manager who was working the cash register and asked for a package of cigarettes. The store manager turned and got the requested cigarettes. When she placed the cigarettes on the counter, she noticed that the Defendant had placed

---

[1] See Tenn. Code Ann. § 39-13-402.

a pistol on the counter, partially covered with his hand. The Defendant told the manager that he had a gun and that he wanted all the cash. The manager complied with his request and gave him the cash on hand, approximately two hundred and fifty dollars. The Defendant also demanded a carton of cigarettes, which the manager gave him. The Defendant then left the store with the cash and the cigarettes.

The store manager recognized the Defendant as someone who previously had been in the store as a customer between five and ten times. The store also had a video surveillance camera which recorded the entire robbery. The video recording was shown to the jury.[2] Police officers responded to the store manager's telephone call. The first police officer who responded viewed the store video recording and recognized the Defendant from previous contacts with him. The following day, the Defendant was stopped for driving a vehicle with expired tags. Upon stopping the vehicle, the officer determined that there was an outstanding warrant for his arrest for the aggravated robbery that had taken place the previous day. The Defendant was taken into custody.

At trial, the store manager identified the Defendant in court as the person who committed the robbery. She stated she was one hundred percent certain of her identification of the Defendant.

On appeal, the Defendant does not argue that the evidence at trial was insufficient to support his identity as the perpetrator of the aggravated robbery. Indeed, in an effort to prove that he was intoxicated at the time he committed the robbery, the Defendant called as witnesses two individuals who were in the vehicle with him when he arrived at the store to commit the robberies. Both of these "defense" witnesses stated that the Defendant entered the store with a pistol for the purpose of committing a robbery. Both witnesses also testified that the Defendant had consumed alcoholic beverages prior to committing the robbery.

### Sufficiency of the Evidence

On appeal, the Defendant argues that the evidence presented at trial was insufficient to support his conviction because the proof showed that the Defendant's intoxication rendered him incapable of "forming the intent to commit any crime." Although the Defendant did not testify, the two witnesses that he presented testified that he had been drinking on the morning prior to the robbery. One witness testified that the Defendant had consumed at least six cans of beer. The other witness testified that the Defendant had consumed a pint of wine. Neither of these witnesses testified that in their opinion, the Defendant was intoxicated when he entered the store. In fact, one of these witnesses testified that in his opinion, the Defendant was not drunk. The Defendant also called a psychologist as an expert witness. The psychologist testified that he had diagnosed the Defendant as having "polysubstance dependance," which he described as a condition in which a person is addicted to more than one substance, such as alcohol and another drug. On cross-examination, this expert witness admitted that the Defendant exhibited signs of untruthfulness during the expert's examination of the Defendant.

---

[2] The record on appeal does not contain the video recording.

It was clearly within the province of the jury to reject the Defendant's claim that he was too intoxicated to intentionally or knowingly commit the aggravated robbery. It is apparent that the jury gave no credibility to this claim. We conclude that the evidence introduced at trial is sufficient to support the finding by the jury of the Defendant's guilt of aggravated robbery beyond a reasonable doubt.

## Sentencing

The Defendant also argues on appeal that his sentence is excessive because the trial court erred in considering the enhancing factors and gave no weight to any mitigating factors. The Defendant's sentencing range was between twenty and thirty years. In sentencing the Defendant, the trial judge emphasized that he placed great weight on the Defendant's previous history of criminal convictions and criminal behavior in addition to the convictions necessary to establish the Defendant as a Range III offender. The presentence report reflects that the Defendant had at least two felony convictions in addition to those necessary to establish his range. His felony convictions include one aggravated assault, one robbery, and four burglaries. In addition, the report reflects that the Defendant had more than twenty misdemeanor convictions, approximately fifteen of which were for public intoxication or driving while under the influence of an intoxicant. The Defendant was approximately sixty years old at the time he was sentenced. He has no significant employment history. His criminal convictions span a period of approximately forty years. We conclude that the trial court did not err or abuse its discretion in setting the Defendant's sentence at twenty-eight years to be served in the Department of Correction.

## Conclusion

Following our review of this record, we conclude that the evidence introduced at trial is sufficient to support the finding by the jury of guilt beyond a reasonable doubt for aggravated robbery. We further conclude that the Defendant's sentence was lawfully and properly imposed under our sentencing law. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE

-3-